68

**Ann LEWIS, Plaintiff–Appellant,**

v.

**GREENTREE MORTGAGE SERVICE, Defendant–Appellee.**

**Docket No. 01–9095.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2002.

Ann Lewis, pro se, Brooklyn, NY, for Appellant.

Michael J. Catalfimo, Catalfimo & Catalfimo, Greenwich, NY, for Appellee.

Present KEARSE, MCLAUGHLIN, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Ann Lewis, *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, Chief Judge) granting Greentree Mortgage Service's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). We review the grant of summary judgment *de novo* and may affirm the judgment when "the evidence shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir.1999).

We agree with the district court, for substantially the reasons set forth in its Memorandum and Order entered on July 24, 2001, that Lewis failed to raise a genuine issue of material fact on any of her claims. She did not claim that she was discriminated against during the process of obtaining a mortgage so as to maintain a claim under the Equal Credit Opportunity Act, *see* 15 U.S.C. § 1691, and there was no violation of the Truth in Lending Act on the face of the mortgage documents that would render Greentree Mortgage Services liable as an assignee of the loan, *see* 15 U.S.C. § 1641(e)(1).

The district court did not explicitly discuss Lewis's state law claims that: (1) Greentree Mortgage Service fraudulently accepted payments; (2) she continued to make payments to Parkway Mortgage because she was not made aware of the assignment to Greentree Mortgage Service; and (3) the interest rate stipulated in the mortgage agreement was usurious. However, Lewis failed to present any evidence to support these conclusory allegations and, therefore, failed to show the existence of a genuine issue of material fact. *See D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998) (noting that the non-moving party may not rely on mere conclusory allegations in opposing summary judgment).

Accordingly, the judgment of the district court is hereby AFFIRMED.